## In re GRANDVIEW ESTATES ASSOCIATES, LTD., Debtor.

Bankruptcy No. 88–02197–2–11.

United States Bankruptcy Court,
W.D. Missouri.

Aug. 8, 1988.

Ronald S. Weiss, Kansas City, Mo., for debtor.

Kenneth C. Jones, Olathe, Kan., for Travelers Life & Annuity.

D. Kaye Summers, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Travelers Life & Annuity.

Scott Johnson, Minneapolis, Minn., for General Partner of March Company.

## ORDER DENYING DEBTOR'S MOTION FOR STAY

FRANK W. KOGER, Bankruptcy Judge.

This Court entered its first Order granting relief from stay on May 31, 1988, set same aside at the request of debtor, who was in default, conducted a hearing on June 13, 1988, and thereafter entered an Order granting relief from the stay based on the evidence presented. That Order was appealed and the debtor has asked the Court for a stay and the setting of a bond. Meanwhile, the debtor had sought from the Honorable Dennis J. Stewart a Temporary Restraining Order upon the appointment of a receiver in State Court. Judge Stewart denied same. In the midst of hearings on the amount of the bond, movant Travelers Insurance Company obtained an inspection and discovered that there is a substantial asbestos problem in the apartment complex. Preliminary estimates indicate it may cost as much as one and one-half million dollars to eliminate these asbestos problems. When asked point blank by the Court what funds debtor was willing to commit to the immediate amelioration of the asbestos problem, debtor's counsel could provide no answer.

Debtor in its Motion for Stay contends that if any bond be required, it should be only enough to cover the cost of the appeal since this is an appeal from a non-monetary Order. Movant has requested a $900,000.00 bond and has, in very detailed fashion, outlined the suggested components of such a bond. Unfortunately, both parties seem to have overlooked one controlling factor, and this Court by its past predilections as to appeals has probably assisted the parties to that error. It has always been this Court's belief that appeals from its orders and decisions should be granted as freely and as painlessly as possible. This Court errs just as any other Court does, and for any Court to foreclose effective reversal of its errors, by refusing stay, is not only contrary to the spirit of the bankruptcy system but sub-

verts the entire legal process. For that reason, this Court has been careful to require only limited bonds on appeal and hopefully will continue to do so.

■ However, in this case, the Court will not grant a stay and will not set a bond as a condition for that stay.

Every lawyer is familiar with the four criteria precedent to the granting of a stay. Debtor correctly cites *Reserve Mining Company v. United States,* 498 F.2d 1073 (8th Cir.1974) as enunciating those to be:

1. A strong showing that appellant is likely to succeed on the merits of the appeal;
2. A showing that, unless a stay is granted, appellant will suffer irreparable injury;
3. A showing that no substantial harm will come to the other interested parties; and
4. A showing that a stay will do no harm to the public interest.

Although this Court (as I presume all appealed from Courts) always doubts item number one above, (since if its decision was in error it obviously would not have made the decision), this Court has in each stay hearing generally accepted Item 1 above as a matter of faith. It continues to do so in this particular case. Item 2 is clearly shown by debtor for the reason that if the apartment complex is foreclosed, the appeal will be moot and there is nothing left to review. Item 3 can be covered easily by setting a bond (somewhat less than $900,-000.00) to protect the movant's delay in foreclosing. The rule that undersecured creditors do not receive interest goes only to the point in time that they are granted relief from stay or so this Court interprets *In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363 (5th Cir.1987). Item 4 is the hill that debtor cannot climb and the reason that this Court will not grant a stay. There are several hundred tenants of these apartments. Each and every one of them is exposed to the potential of asbestosis as long as debtor is in possession of the premises. Debtor has displayed neither the funds nor any serious program to arrange for the extensive cost of asbestos removal that should be started immediately. The longer the asbestos stays in the premises, the greater the danger to the tenants. Movant Travelers has the funds to start immediate rehabilitation of the premises. Indeed, if it does not, it has the funds to respond to the claims of any tenant demonstrably injured by failure to address the problem promptly. The public interest can only be served by getting these premises into the hands of a financially responsible entity as quickly as possible. Therefore, although it is contrary to the general practice (as well as philosophy) of this Court, the debtor's Motion For Stay must be and is DENIED.